**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
*Attorney for Plaintiff, and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ANDY PRASHAD, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| ROBERT L SALDUTTI, LLC dba SALDUTTI LAW GROUP and ROBERT L. SALDUTTI, | |
| Defendants. | |

Plaintiff ANDY PRASHAD (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendants ROBERT L SALDUTTI, LLC dba SALDUTTI LAW GROUP and ROBERT L. SALDUTTI (hereinafter "Defendant"), his employees, agents, and successors, the following:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for actual and statutory damages and

declaratory and injunctive relief arising from the Defendant's violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and the cause of action arose in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## PARTIES

6. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff is a natural person and resident of the city of Mount Vernon in the State of New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information belief, ROBERT L SALDUTTI, LLC dba SALDUTTI LAW GROUP ("SLG"), is a law firm engaged in the business of collecting debts in this state with its principal place of business located at 800 N. Kings Highway, Suite 200, Cherry Hill, New Jersey. The principal purpose of SLG is the collection of debts in this state and SLG regularly attempts to collect debts alleged to be due another.

9. Based upon Information and belief, ROBERT L. SALDUTTI is an attorney engaged in the business of collecting debts in this state with his principal place of business located at 800 N. Kings Highway, Suite 200, Cherry Hill, New Jersey. The principal purpose of ROBERT L. SALDUTTI is the collection of debts in this state and ROBERT L. SALDUTTI regularly attempts to collect debts alleged to be due another.

10. Based upon information and belief, each Defendant is a company and/or attorney that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due another.

11. Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

12. SLG and ROBERT L. SALDUTTI are collectively referred to as "Defendants."

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), as described in this Complaint.

14. This Action is properly maintained as a class action.

**Class 1**

During the class period, all individuals against whom one or more Defendants filed a collection lawsuit in New Jersey and which the lawsuit was filed in a county in which the individual did not sign the contract sued upon or the lawsuit was filed in a county in which the consumer did not reside in at the commencement of the lawsuit.

**Class 2**

During the class period, all individuals against whom one or more Defendants filed a collection lawsuit in New Jersey in which the Defendant(s) sought to collect attorney's fees, costs and/or charges in excess of what they were allowed to collect.

**Class 3**

During the class period, all individuals against whom one or more Defendants filed a collection lawsuit in New Jersey in which one or more Defendants requested that default be entered against the individual, but the default was based upon service of the summons and complaint by mail, without Defendant(s) obtaining prior permission from the court for substitute service of the summons and complaint

**Class 4**

During the class period, all individuals against whom one or more Defendants filed a collection lawsuit in New Jersey in which the Defendant(s) requested that default judgment be entered against the individual, but the request sought attorney's fees, without being made by motion.

**Class 5**

During the class period, all individuals against whom one or more Defendants filed a collection lawsuit in New Jersey in which the Defendant(s) requested the entry of default prior to the expiration of the time period for filing an Answer.

**Class 6**

> During the class period, all individuals who were sued in New Jersey by one or more Defendants and were subject to the alleged conduct and practices described herein.

The Class period begins one year prior to the filing of this Action. The class definition may be subsequently modified or refined.

15. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were subject to the conduct alleged herein.

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether Defendants violated various provisions of the FDCPA;

    b. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

- d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted.  Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If the Defendants' conduct is allowed to proceed

      without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

17. Defendants collect and attempt to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the Courts, the United States Postal Service, telephone and/or the Internet.

18. Each Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

19. Sometime prior to February 3, 2021, Plaintiff allegedly incurred a financial obligation to First Atlantic Federal Credit Union related to an automobile loan. ("the Debt").

20. The contract related to the automobile loan was emailed to Plaintiff who electronically signed the contract while in New York state..

21. The Debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

22. The alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. First Atlantic Federal Credit Union is a "creditor" as defined by 15 U.S.C. § 1692a(4).

24. Sometime prior to February 3, 2021, First Atlantic Federal Credit Union, either directly or through intermediate transactions assigned, placed or transferred the Debt to Defendants for collection.

25. At the time the Debt was assigned, placed or transferred to Defendants the Debt was in default.

26. On February 3, 2021, Defendants filed a lawsuit against Plaintiff on behalf of First Atlantic Federal Credit Union entitled First Atlantic Federal Credit Union v. Prashad, Mon-L-000394-21 ("the State Court Action") in Monmouth County in the New Jersey Superior Court of New Jersey, Law Division, to recover monies related to the Debt.

27. At the time that the State Court Action was filed, Plaintiff was a resident of Mount Vernon, New York and not Monmouth County, New Jersey.

28. At the time that Defendants filed the State Court action, Defendants were well aware that Plaintiff was not a resident of Monmouth County, New Jersey.

29. Furthermore, Plaintiff never signed a contract for the automobile loan giving rise to the Debt in Monmouth County, New Jersey.

30. On May 5, 2021, Defendants filed a Request to Enter Default against Plaintiff in the State Court Action.

31. However, the May 5, 2021 Request to Enter Default in the State Court Action was rejected by the Court as non-conforming since an affidavit of diligent inquiry/or motion for sub service is needed to serve the Defendant by mail, but one was not included.

32. On November 10, 2021, Defendants filed another Request for Entry of

Default.

33. However, the November 10, 2021 Request to Enter Default was also rejected as non-conforming since at the time of the filing the last day for Plaintiff to file an answer had not yet expired and thus the Request to Enter Default was premature.

34. On November 23, 2021, the court clerk entered default against Plaintiff in the State Court Action.

35. On December 8, 2021, Defendants filed a Request to Enter Default Judgment against Plaintiff in the State Court Action. However, this Request to Enter Default Judgment was rejected by the Court since Defendants sought to collect 25% in attorney's fees, but failed to do so by filing a motion.

36. Defendants were not entitled to seek a 25% attorney fee since the contract giving rise to the Debt did not provide for the collection of attorney's fees under the facts of the case.

37. Additionally, Defendants seeking a 25% attorney's fee was excessive given that all Defendants had done was file a form collection lawsuit and filing for a default judgment.

38. Monmouth County was an inappropriate venue for the State Court Action, since Plaintiff did not sign the contract sued upon in Monmouth County nor did Plaintiff reside in Monmouth County at the commencement of the State Court Action.

39. Plaintiff was forced to defend a lawsuit in an inconvenient forum.

40. Furthermore, on October 9, 2021, service of the summons and complaint in the State Court action was attempted at 9 Fairfield Terrace, West Nyack, New York. However, at the time service was attempted at this address, Plaintiff did not reside at this

9

West Nyack address nor ever resided at this address.

41. Additionally, as part of the State Court Action Complaint and Defendants Request to Enter Default Judgment, the demand amount improperly sought to recover interest, attorney's fees and other charges which Defendants were not entitled to collect.

42. Plaintiff suffered injury in fact by being subjected to the unfair and abusive practices of Defendant.

43. Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

44. As the result of Defendants filing the lawsuit in Monmouth County, Plaintiff incurred legal fees in defending the State Action in an incorrect venue.

45. Defendants violated Plaintiff's rights not to be the target of misleading debt collection communications.

46. Defendants violated Plaintiff's right to a trustful and fair debt collection process.

47. Under the FDCPA, Plaintiff had the right to receive certain information from Defendant.

48. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

49. The documents Defendants filed in the Court provided confusing and incorrect information and caused Plaintiff a concrete injury in that Plaintiff was deprived of his right to receive accurate and trustworthy information regarding his rights under the FDCPA.

50. Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

51. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

52. As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

53. The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

54. Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter.

55. The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose a response.

**POLICIES AND PRACTICES COMPLAINED OF**

56. It is Defendant's policy and practice to file collection lawsuits against consumers which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b)    By filing lawsuits in judicial district in which the consumer did not reside at the time the suit was filed or in which the contract for goods and/or services was not signed;

    (c)    Using unfair or unconscionable means to collect or attempt to collect any debt.

57. On information and belief, Defendants filed lawsuits in the improper venue with respect to at least 30 natural persons in the State of New Jersey.

58. On information and belief, Defendants filed lawsuits and or declarations in support of default judgments which sought to collect interest, attorneys' fees and/or other charges in excess of what they were entitled to collect. with respect to at least 30 natural persons in the State of New Jersey.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

59. Plaintiff repeats the allegations contained in paragraphs 1 through 58 as if the same were set forth at length.

60. Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

61. By filing collection lawsuits against consumers in improper venues and in engaging in other collection activity as set forth herein, Defendants violated:

    A.  15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B. 15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any services rendered or compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(5) by taking or threatening to take any action that cannot be legally taken;

E. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff;

F. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

G. 15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law, and,

H. 15 U.S.C. § 1692i(a)(2) by filing collection actions in a court in a county in which the consumer neither resided at the time suit was filed nor in which the contract for goods and/or services was signed;.

**WHEREFORE**, Plaintiff, on behalf of himself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class actual damages;

(c) Awarding Plaintiff and the Class maximum statutory damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:   Rutherford, New Jersey
             February 2, 2022

>                    Respectfully submitted,
>
>                    By: s/ Lawrence C. Hersh
>                        Lawrence C. Hersh, Esq.
>                        17 Sylvan Street, Suite 102B
>                        Rutherford, NJ  07070
>                        (201) 507-6300
>                        *Attorney for Plaintiff*

## **CERTIFICATION PURSUANT TO LOCAL RULE 11.2**

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: February 2, 2022                    By: s/ Lawrence C. Hersh
                                               Lawrence C. Hersh, Esq