UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| ANDY PRASHAD, on behalf of himself and all others similarly situated | 1:22-cv-00535-NLH-MJS |
| | OPINION |
| Plaintiffs, | |
| v. | |
| ROBERT L SALDUTTI, LLC D/B/A SALDUTTI LAW GROUP and ROBERT L. SALDUTTI | |
| Defendants. | |

_____

Appearances:

LAWRENCE C. HERSH
17 SYLVAN ST.
SUITE 102B
RUTHERFORD, N.J. 07070

    *On behalf of Plaintiffs*

THOMAS BRENDAN O'CONNELL
MICHAEL JAMES HAGNER
SALDUTTI LAW GROUP
800 N. KINGS HWY
SUITE 300
CHERRY HILL, N.J. 08034

    *On behalf of Defendants*

**HILLMAN**, District Judge

    Pending before the Court is Defendants Robert L. Saldutti,

LLC and Robert L. Saldutti's (collectively "Defendants") motion

for partial dismissal pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  (ECF 8).  For the reasons
expressed below, Defendants' motion will be granted and
Plaintiff will be provided thirty days to file an amended
complaint consistent with this opinion.

**I.   Background**

Plaintiff Andy Prashad ("Plaintiff") is a domiciliary of
Mount Vernon, New York.  (ECF 1 at ¶ 7).  Defendant Robert L.
Saldutti is an attorney engaged in the business of collecting
debts and Defendant Robert L. Saldutti, LLC, which conducts
business as Saldutti Law Group, is a law firm based in Cherry
Hill, New Jersey engaged in debt collection.  (Id. at ¶¶ 8-9).

Some time prior to February 3, 2021, Plaintiff purportedly
incurred a debt related to an auto loan with First Atlantic
Federal Credit Union ("FAFCU"), with the associated contract
giving rise to the obligation emailed to Plaintiff – who
provided an electronic signature while physically located in New
York.  (Id. at ¶¶ 19-20).  Thereafter, the debt – then in
default – was transferred or assigned to Defendants for
collection.  (Id. at ¶¶ 24-25).

Defendants filed a lawsuit against Plaintiff on behalf of
FAFCU in New Jersey Superior Court – Law Division in Monmouth
County on February 3, 2021.  (Id. at ¶ 26).  Plaintiff resided
in Mount Vernon, New York at the time of filing and no contract
giving rise to the debt was signed in Monmouth County.  (Id. at

2

¶¶ 27-29).

Defendants sought entry of default against Plaintiff on May 5, 2021, but the request was denied for failure to comply with service rules.  (Id. at ¶¶ 30-31).  After a subsequent request for entry of default was denied as premature, default was entered against Plaintiff on November 23, 2021 and Defendants sought entry of default judgment on December 8, 2021.  (Id. at ¶¶ 32-35).  The request was denied by the Law Division as Defendants sought to collect a twenty-five percent fee but failed to do so by motion.  (Id. at ¶ 35).  Plaintiff alleges that Defendants were not entitled to such attorney's fees, the fees requested were excessive, and Monmouth County was an inappropriate and inconvenient venue because he did not sign the relevant contract there or reside in the county at the time the action was instituted.[1]  (Id. at ¶¶ 36-39).

Plaintiff filed the instant one-count action on February 2, 2022 on behalf of himself and six classes of New Jersey consumers alleging violations of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692 et seq., and asserting that he was subject to unfair and abusive practices, was harmed by misleading debt-collection communications, and

---

[1] Plaintiff further pleads that on October 9, 2021, service was attempted at an address in West Nyack, New York at which he never resided.  (ECF 1 at ¶ 40).

incurred legal fees while defending the state-court action in an inappropriate venue.  (Id. at ¶¶ 13-14, 42-44, 59-61).  Plaintiff further alleges that it is Defendants' policy and practice to file collection lawsuits against consumers in violation of the FDCPA by filing in incorrect judicial venues and otherwise using false, deceptive, misleading, unfair, or unconscionable means and that Defendants filed lawsuits in improper venues or sought to collect sums to which they were not entitled with respect to at least thirty other New Jersey consumers.  (Id. at ¶¶ 56-58).

The complaint lists eight subsections of the FDCPA violated by Defendants' alleged actions and practices, including falsely representing services rendered or compensation that may be received in violation of 15 U.S.C. § 1692e(2)(B), taking or threatening an action that cannot legally be taken in violation of § 1692e(5), collecting or attempting to collect an amount not expressly authorized by an agreement or law in violation of § 1692f(1), and filing a collection action in a county in which the consumer did not reside and the relevant contract was not signed in violation of § 1692i(a)(2).  (Id. at ¶ 61).

Defendants moved for partial dismissal with respect to Plaintiff's claims unrelated to venue – particularly Defendants' alleged improper attempt to collect attorney's fees.  (ECF 8; ECF 8-3).  Plaintiff filed an opposition, (ECF 11), to which Defendants replied, (ECF 12).

4

## II. Discussion

### A. Jurisdiction

The Court possesses original jurisdiction over this action because the lone count in the complaint alleges violations of the FDCPA.  See 28 U.S.C. § 1331.

### B. Motions to Dismiss

In advance or in lieu of an answer to a complaint, a defendant may move to dismiss for lack of subject-matter jurisdiction or failure to state a claim upon which relief may be granted.  See Fed. R. Civ. P. 12(b)(1), (6).  To survive dismissal under Rule 12(b)(6), "a complaint must provide 'a short and plain statement of the claim showing that the pleader is entitled to relief,'" Doe v. Princeton Univ., 30 F.4th 335, 341 (3d Cir. 2022) (quoting Fed. R. Civ. P. 8(a)(2)), and – accepting the plaintiff's factual assertions, but not legal conclusions, as true – "'plausibly suggest[]' facts sufficient to 'draw the reasonable inference that the defendant is liable for the misconduct alleged,'" id. at 342 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

A motion to dismiss pursuant to Rule 12(b)(1) may attack subject-matter jurisdiction facially or factually.  Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016).  A facial attack does not dispute the facts alleged in the complaint, id., and

5

therefore essentially applies the same standard as Rule
12(b)(6), see Severa v. Solvay Specialty Polymers USA, LLC, 524
F. Supp. 3d 381, 389 (D.N.J. Mar. 10, 2021) (citing In re
Schering Plough Corp. Intron/Temodar Consumer Class Action, 678
F.3d 235, 243 (3d Cir. 2012)).  A factual attack, on the other
hand, challenges the allegations supporting the assertion of
jurisdiction, permitting the court to weigh evidence outside of
the pleadings and placing a burden of proof on the plaintiff to
demonstrate that jurisdiction in fact exists.  See Davis, 824
F.3d at 346.

A motion to dismiss for lack of standing is governed by
Rule 12(b)(1) because "standing is a jurisdictional matter."
See Powell v. Subaru of Am., Inc., 502 F. Supp. 3d 856, 872
(D.N.J. Nov. 24, 2020) (quoting Ballentine v. United States, 486
F.3d 806, 810 (3d Cir. 2007)).  "Article III standing requires a
plaintiff to demonstrate: '(1) that he or she suffered an injury
in fact that is concrete, particularized, and actual or
imminent, (2) that the injury was caused by the defendant, and
(3) that the injury would likely be redressed by the requested
judicial relief.'" Clemens v. ExecuPharm Inc., 48 F.4th 146, 152
(3d Cir. 2022) (quoting Thole v. U.S. Bank N.A., 140 S. Ct.
1615, 1618 (2020)).  "Absent Article III standing, a federal
court does not have subject matter jurisdiction to address a
plaintiff's claims, and they must be dismissed." Common Cause

of Pa. v. Pennsylvania, 558 F.3d 249, 257 (3d Cir. 2009)

(quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188

(3d Cir. 2006)).

**III. Analysis**

Defendants challenge Plaintiff's standing as to his claim

relating to Defendants' pursuit of attorney's fees in the state-

court action.  (ECF 8-3 at 11-12).  Any actual damages incurred

by Plaintiff as a result of the filing of the collection action

were in connection to a motion to vacate default based on

Defendants filing in an allegedly inappropriate venue, according

to Defendants, and because they ultimately consented to

dismissal of the state-court action, their application for

attorney's fees was never adjudicated and Plaintiff has not pled

a resulting concrete injury necessary for standing.  (Id.; ECF

12 at 3-6).  The Court will address this challenge first

"[b]ecause standing is a component of jurisdiction, [and] a

federal court has an independent obligation to assure itself

that standing exists."  See Dougherty v. Drew Univ., 534 F.

Supp. 3d 363, 372 (D.N.J. Apr. 14, 2021) (citing Wayne Land &

Min. Grp., LLC v. Del. River Basin Comm'n, 959 F.3d 569, 574 (3d

Cir. 2020)).

This Court rejected a similar standing argument in Barrows

v. Chase Manhattan Mortgage Corp., where the plaintiff alleged

that the defendants violated the FDCPA by sending her a demand

letter for sums greater than those permitted by law, including attorney's fees.  465 F. Supp. 2d 347, 354 (D.N.J. Dec. 8, 2006).  The defendants challenged the plaintiff's standing because no fees were ever paid.  Id.  The Court disagreed and concluded that the plaintiff suffered an injury-in-fact for standing purposes even if the allegedly illegal sum was not collected, relying on out-of-circuit decisions, the statutory damages available under the FDCPA, and the "collect or attempt to collect" language of 15 U.S.C. § 1692f.  Id.; see also Fuentes v. AR Res., Inc., No. 15-7988, 2017 WL 1197814, at *6 (D.N.J. Mar. 31, 2017) ("[I]n order to have standing to sue under § 1692f(1), a plaintiff need not allege that he or she actually paid the unauthorized fee, only that the defendant attempted to collect it.").

Defendants, on the other hand, draw comparisons between the instant matter and the Supreme Court's recent decision in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).  TransUnion weighed whether 8,185 class members had standing to sue under the Fair Credit Reporting Act, concluding first that the 1,853 class members whose credit reports were disseminated to third parties with misleading Office of Foreign Assets Control alerts suffered reputational harms closely associated with the tort of defamation and thus sustained the concrete injuries-in-fact necessary to establish standing.  Id. at 2207-09.  The other

8

6,332 class members did not, however, have their reports containing misleading information disseminated during the class period and TransUnion thus concluded that no concrete harm occurred without disclosure.  Id. at 2209-10.

TransUnion, albeit in a hypothetical, differentiated between plaintiffs in environmental actions – both with statutory causes of action and related damages available to them – but only one of whom was personally affected by the pollution and cautioned that without "suffer[ing] any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts" standing is not satisfied.  Id. at 2205-06.  "The upshot of TransUnion is that courts must engage in a two-part inquiry when assessing statutory injuries: first, whether the alleged injury bears a close relationship to a traditionally recognized harm, and second, whether a plaintiff has pled more than a mere injury-in-law."  Rohl v. Pro. Fin. Co., Inc., No. 21-17507, 2022 WL 1748244, at *3 (D.N.J. May 31, 2022); see also Lahu v. I.C. Sys., Inc., No. 20-6732, 2022 WL 6743177, at *3 (D.N.J. Oct. 11, 2022) (finding that TransUnion "clarified" the Supreme Court's earlier decision in Spokeo, Inc. v. Robins, 578 U.S. 330 (2016), by "reject[ing] the proposition that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that

9

person to sue to vindicate that right." (quoting TransUnion, 141
S. Ct. at 2205)).

    In response to Defendants' standing challenge, Plaintiff
argues that he suffered a concrete harm by being forced to
defend a collection action in an inconvenient venue and
incurring related legal fees.  (ECF 11 at 14).  That argument
answers a question not asked.  Defendants are not challenging
standing as to injuries incurred defending the collection action
in an incorrect venue.  Beyond the cost of defending the
improper collection action, Plaintiff points to paragraphs
within the complaint that allege that he "suffered injury in
fact by being subjected to the unfair and abusive practices of
Defendant[s]" and "suffered actual harm by being the target of
Defendants' misleading debt collection communications."  (Id.;
ECF 1 at ¶¶ 42-43).

    The Court finds that these generic allegations fail to
support standing.  In Rodriguez-Ocasio v. I.C. System, Inc., for
instance, the plaintiff alleged multiple violations of the
FDCPA, most specifically violations of 15 U.S.C. § 1692e for
intangible injuries related to the inclusion of a collection fee
in a collection letter.  No. 19-13447, 2022 WL 16838591, at *2
(D.N.J. Nov. 8, 2022).  The plaintiff failed to identify a close
historical or common-law analogue to the intangible harm alleged
and the court concluded that the complaint's allegations boiled

10

down to consumer confusion, which was insufficient to confer standing post-<u>TransUnion</u>.  <u>Id.</u> at *2-3.

More directly on-point to the facts at issue here, a court in the Western District of Kentucky recently held that a plaintiff failed to satisfy the injury-in-fact requirement of standing by alleging that a defendant attorney violated the FDCPA by requesting an award of attorney's fees without indicating whether the request was granted by the county court – concluding that the claim was "reliant upon theoretical injuries about what could have occurred but did not." <u>Bernard v. Bruce</u>, No. 1:22-CV-00064, 2023 WL 2730269, at *2-3 (W.D. Ky. Mar. 30, 2023).  The Court acknowledges that <u>Bernard</u> is distinguishable in that the attorney's fees sought there were contemplated in the underlying agreement – a point of contention in that present matter – but is persuaded by the court's emphasis on the fact that the request was not directed toward the plaintiff, but rather a court – which possessed the discretion to award fees or not and – if so – at what amount.  <u>See</u> <u>id.</u> at *3; <u>see also</u> <u>Cheatham v. Adams</u>, No. 4:20-cv-00865, 2021 WL 4313961, at *4 (E.D. Ark. Sept. 22, 2021) (finding that the plaintiff could not show that alleged FDCPA violations resulted in "a risk of real harm" when the debt was erased in state court and his attorney's fees were paid).

Here, the Court finds that <u>TransUnion</u> requires Plaintiff to

11

plead not only that Defendants were wrong, but that he was
harmed by that wrong.  See 141 S. Ct. at 2205 ("For standing
purposes, therefore, an important difference exists between (i)
a plaintiff's statutory cause of action to sue a defendant over
the defendant's violation of federal law, and (ii) a plaintiff's
suffering concrete harm because of the defendant's violation of
federal law. . . . under Article III, an injury in law is not an
injury in fact.").  The Court reads Plaintiff's complaint as
alleging that the attorney's fees sought were unauthorized and
excessive, Monmouth County was an inappropriate venue for the
state-court action, and Defendants engaged in general misleading
communications and failures to provide accurate information
without specifying any concrete harm resulting from these
alleged wrongs other than the legal fees incurred in defending
the improper state-court action.  (See ECF 1).[2]  Like the
plaintiff in Rodriguez-Ocasio, Plaintiff identifies no
historical or common-law analogue to any other alleged harm he
has suffered, and the Court is unable to identify one itself.

     A "plaintiff[] must demonstrate standing for each claim

---

[2] Defendants' supporting brief submits that the New Jersey
Superior Court – Law Division entered a consent order dismissing
the state-court action on January 25, 2022 following Plaintiff's
motion to vacate the default and that judgment for attorney's
fees was never entered.  (ECF 8-3 at 1, 12).  The Court bases
its decision, however, on Plaintiff's failure to plead specific
and unique harms.

that they press and for each form of relief that they seek . . .
." TransUnion, 141 S. Ct. at 2208.  Plaintiff cannot rely on
his standing with respect to the alleged filing in an
inappropriate venue to carry his remaining claims over the
standing threshold.  See In re Effexor Antitrust Litig., 357 F.
Supp. 3d 363, 390 (D.N.J. Nov. 15, 2018) ("[S]tanding must be
analyzed on a claim-by-claim basis, with the plaintiff bearing
the burden of demonstrating standing for each claim he seeks to
prove, 'we do not exercise jurisdiction over one claim simply
because it arose "from the same 'nucleus of operative fact' as
another claim."'" (quoting Neale v. Volvo Cars of N. Am., LLC,
794 F.3d 353, 359 (3d Cir. 2015))).

Furthermore, even outside the context of standing, courts
within the Third Circuit have rejected duplicative claims under
the FDCPA when a plaintiff's underlying contention has been the
filing of a collection action in an improper venue in violation
of 15 U.S.C. § 1692i(a)(2).  See Rawlins v. Lyons, Doughty &
Veldhuis, PC, No. 16-8598, 2017 WL 2918917, at *4-5 (D.N.J. July
6, 2017) (dismissing the plaintiff's claim of unfair or
unconscionable means of debt collection pursuant to § 1692f
because the alleged conduct supporting the claim was the same as
that supporting the plaintiff's claim under § 1692i(a)(2));
Holton v. Huff, No. 3:10-CV-2396, 2012 WL 1354024, at *3 (M.D.
Pa. Apr. 16, 2012) (granting the plaintiff's motion for summary

judgment only as to § 1692i – not § 1692d and § 1692f –
concluding that only § 1692i served as a basis for liability for
filing a collective action in an improper venue).

    The Court will therefore grant Defendants' motion to
dismiss to the extent that Plaintiff's complaint is premised on
harms other than allegations of filing the state-court action in
an improper venue and related costs incurred.[3]  Dismissal is
without prejudice and Plaintiff shall be provided thirty days
from the date of this opinion to file an amended complaint
pleading concrete and specific harms other than those related to
improper venue.  If Plaintiff declines to file an amended
complaint, dismissal of Plaintiff's claims unrelated to improper

---

[3] The Court acknowledges that Defendants' supporting brief
asserts that "the matter must be dismissed with respect to the
claim for improperly seeking counsel fees in the State Court
litigation," (ECF 8-3 at 12), while their reply brief states
that "Defendants' motion seeks to dismiss, on the pleadings,
those portions of Plaintiff's Complaint seeking relief unrelated
to the claim for attorney's fees incurred as a result of the
venue of the State Court Action," (ECF 12 at 3).  To the extent
that Defendants' reply brief may be read as extending its
original standing argument, the Court acknowledges that such
arguments need not be considered as they were raised without the
benefit of opposition.  See Stewart v. Beam Global Spirits &
Wine, Inc., No. 11-5149, 2014 WL 2920806, at *4 n.8 (D.N.J. June
27, 2014).  The Court nonetheless more broadly dismisses
Plaintiff's claims unrelated to venue, subject to his potential
amended complaint, due to its independent obligation to
determine standing and assure itself that jurisdiction exists
for each claim.  See Wayne Land & Min. Grp., LLC, 959 F.3d at
574 ("[F]ederal courts 'have an obligation to assure
[them]selves of litigants' standing under Article III." (second
alteration in original)(quoting DaimlerChrysler Corp. v. Cuno,
547 U.S. 332, 340 (2006))).

venue will be with prejudice.

**IV. Conclusion**

For the reasons stated above, Defendants' motion for partial dismissal, (ECF 8), is granted.  Plaintiff shall have thirty days to file an amended complaint consistent with this opinion.

An Order consistent with this Opinion will be entered.


Date:  May 17, 2023                       s/ Noel L. Hillman
At Camden, New Jersey                 NOEL L. HILLMAN, U.S.D.J.